# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| LOWE'S COMPANIES, INC. and ) <br> LOWE'S HOME CENTERS, INC. ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> CHEVRO INTERNATIONAL, INC, ) <br> MURRAY FEISS IMPORT CORP., and ) <br> ROYCE LIGHTING ) <br>  ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO.: <br> 5:04CV74 |

## SUPERSEDING
## PROTECTIVE ORDER

**WHEREAS**, the parties, Lowe's Companies, Inc. ("LCI"), Lowe's Home Centers, Inc. ("LHC"), Chevro International, Inc. ("Chevro"), Murray Feiss Import Corp. ("Murray Feiss"), and Royce Lighting (referred to collectively as the "Parties" or individually as a "Party") have requested that the Court enter a Protective Order to protect certain confidential documents and things, answers to interrogatories, testimony, and other responses, provided by the Parties or by third parties during discovery. For good cause show:

IT IS HEREBY ORDERED THAT:

1.  If, in the course of this litigation, any Party to this litigation or third party discloses what the disclosing Party contends is confidential or proprietary documents, things or information (e.g., technical, scientific, financial or business information), the disclosure shall be subject to this Protective Order, and the documents, things or information provided shall be used for purposes of this case only. Information or documents disclosed by any Party to another Party during the course

of this litigation prior to the entry of this Protective Order, shall be governed by this Protective Order.

2. Definitions

(a) The term CONFIDENTIAL means confidential or proprietary documents, things or information (e.g., technical, scientific, financial or business information) designated as such by the disclosing Party.

(b) The term ATTORNEYS' EYES ONLY, means especially sensitive CONFIDENTIAL documents, things or information so designated by the disclosing Party. The designation ATTORNEYS' EYES ONLY may be used only for the documents which counsel in good faith believes to be of such confidential nature to warrant such protection.

(c) The term COUNSEL means attorneys representing the Parties in this action as well as their necessary clerical and support personnel, including but not limited to secretaries, paralegals, internal and outside copying staff or services, and document management services.

(d) The term PARTY EMPLOYEES means a Party's employees, officers, and directors, who, in the judgment of the Party's outside counsel, are reasonably necessary for development and presentation of that Party's case. CONFIDENTIAL information may be disclosed to PARTY EMPLOYEES to the extent such disclosure is necessary for the carrying out of their respective duties in connection with the prosecution or defense of this action. Except as otherwise provided by this Protective Order, PARTY EMPLOYEES shall not have access to information disclosed and designated ATTORNEYS' EYES ONLY by another Party.

(e) The term TECHNICAL ADVISOR means any person not presently employed by a Party receiving confidential information or a company affiliated through common ownership,

who has been designated by the receiving Party to receive another Party's CONFIDENTIAL and ATTORNEYS' EYES ONLY information. Each Party's TECHNICAL ADVISORS shall be limited to such persons as, in the judgment of that Party's counsel, are reasonably necessary for development and presentation of that Party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3. Nondisclosure Agreements

Prior to receiving any disclosing Party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, each receiving Party's PARTY EMPLOYEE and TECHNICAL ADVISOR shall sign a Nondisclosure Agreement in the form attached hereto as Exhibit A.

4. Designation of Information

(a) Documents and things designated CONFIDENTIAL shall be marked on each page or discrete part with a legend substantially as follows:

CONFIDENTIAL

(b) Documents and things designated as ATTORNEYS' EYES ONLY shall be marked on each page or discrete part with a legend substantially as follows:

CONFIDENTIAL - ATTORNEYS' EYES ONLY

(c) During discovery, a Party that produces original documents or things for inspection shall have the option to require that all or any part of those documents and things be treated as ATTORNEYS' EYES ONLY during inspections by COUNSEL, and to make its designations as to particular documents and things at the time copies of documents and things are copied and delivered to the other Party.

(d) A Party may designate testimony or exhibits disclosed at a deposition as CONFIDENTIAL by requesting the reporter to so designate the transcript at the time of the deposition. Documents used in the deposition that were designated CONFIDENTIAL or ATTORNEYS EYES ONLY prior to the deposition will remain as designated without any further requirements by the Parties. This shall not preclude the deponent from reviewing the transcript.

(e) A Party may designate deposition testimony or exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY by requesting the reporter to so designate particular portions of the transcript at the time of the deposition. This shall not preclude the deponent from reviewing the transcript. A deposition transcript will be considered ATTORNEYS' EYES ONLY for thirty days following the deposition. If no designation is made by a Party at the deposition or within the thirty days, the deposition transcript will no longer be considered ATTORNEYS EYES ONLY. All or part of the deposition transcript may be designated CONFIDENTIAL or ATTORNEYS EYES ONLY after the thirty day period, however, a Party will not be liable for any disclosure made after the thirty day period and prior to the designation as set forth in paragraph 6(b).

(f) A disclosing Party may designate its discovery responses, briefs, memoranda and all other papers as CONFIDENTIAL or ATTORNEYS' EYES ONLY when such papers are served or sent.

(g) A Party may designate information disclosed at a hearing or trial as CONFIDENTIAL or ATTORNEYS' EYES ONLY by requesting, at the time the information is proffered or adduced, that the Court receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(h) The Parties will use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information that are not entitled to such designation or that is generally available to the public.

5. Use and Handling of Documents, Things and Information Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY

(a) Any receiving Party may disclose CONFIDENTIAL information of another Party only to the receiving Party's COUNSEL, PARTY EMPLOYEES, TECHNICAL ADVISORS, and to non-technical trial consultants and graphics or design firms retained by outside counsel for the receiving Party for the purpose of preparing demonstrative or other exhibits including their supporting personnel, to court reporters, videographers, or typists recording or transcribing testimony in this action, to Party witnesses during their depositions, witnesses or potential witnesses who are indicated on a document itself as having previously received and/or seen and/or had access to such document or information, and to the Court and its personnel, but not to any others, except as provided in this Protective Order.

(b) Any receiving Party may disclose information that has been designated ATTORNEYS' EYES ONLY to the receiving Party's COUNSEL, TECHNICAL ADVISORS, and to non-technical trial consultants and graphics or design firms retained by counsel for the receiving Party for the purpose of preparing demonstrative or other exhibits including their supporting personnel, to court reporters, videographers or typists recording or transcribing testimony in this action, and to the court and its personnel, but not to any others except as provided by this Protective Order.

(c) Other than as expressly provided in paragraph 5(b), a disclosing Party's ATTORNEYS' EYES ONLY information shall not be given, shown, made available to, or communicated in any way to any receiving Party in this litigation, including all present officers, directors, employees, or stockholders of the Parties, or any other person not set forth in paragraph 5(b).

(d) Any receiving Party may disclose documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to any person with the permission of the disclosing Party, evidenced either in writing or on the record in a deposition, hearing or trial.

(e) In the event that any receiving Party's briefs, memoranda, discovery requests, or other papers of any kind which are served or filed shall include another Party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b) and access thereto shall be limited consistent with this Protective Order.

(f) Documents, papers and transcripts filed with the court which contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed in sealed containers which shall be labeled with a statement substantially in the following form:

CONFIDENTIAL/ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER
FILED UNDER SEAL

(g) Knowledge derived from a receiving Party's review of original documents made available for inspection shall be treated as ATTORNEYS' EYES ONLY until such time as the receiving Party requests that certain documents be copied, at which time the disclosing Party may designate such documents and things as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

(h) Deposition witnesses will not be excused from answering deposition questions dealing with matters considered CONFIDENTIAL or ATTORNEYS' EYES ONLY. A Party may, however, require that persons not entitled to have access to matters designated CONFIDENTIAL or ATTORNEYS' EYES ONLY leave the deposition room while such matters are discussed.

(i) Counsel shall not, in the course of advising their clients, disclose the contents of, or information contained, in any materials designated ATTORNEYS' EYES ONLY.

6. Inadvertent Failure to Designate

(a) In the event that a disclosing Party inadvertently fails to designate any document, thing or information pursuant to paragraph 4, it may later designate such document, thing or information by notifying the receiving Parties in writing. The receiving Parties shall take reasonable steps to see that the document, thing or information is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or Party shall incur any liability hereunder with respect to disclosure which occurred prior to receipt of written notice of a belated designation.

7. Challenge to Designation

(a) Any receiving Party may challenge a disclosing Party's designation at any time. A failure of a receiving Party to challenge a disclosing Party's claim of confidentiality or designation shall not constitute a waiver of the right to challenge any designation.

(b) A receiving Party may challenge any designation by written notification to the disclosing Party, requesting that certain designations be changed. The disclosing Party shall then have fourteen days from the date of receipt of the notification to:

(i) advise the receiving Party whether the disclosing Party persists in such designation; and

(ii) if the disclosing Party persists in the designation, to explain the reasons for the particular designation.

(c) If the disclosing Party rejects the receiving Party's request under subparagraph (b) above, or if the disclosing Party fails to respond within fourteen days after receipt of notification, the receiving Party may seek an order removing or changing the designation.

(d) With respect to requests and applications to remove or change a designation, documents, things and information shall not be considered confidential to the disclosing Party if:

(i) the matter in question has become available to the public through no violation of this Protective Order or through no fault of the receiving Party, or

(ii) the matter was known to any receiving Party other than by means of a relationship obligating confidentiality or of an agreement with the disclosing Party prior to its receipt from the disclosing Party; or

(iii) the matter was disclosed without restrictions on its further disclosure, by a third Party having the right to make such disclosure.

8. Inadvertently Produced Privileged Documents

The Parties hereto also acknowledge that regardless of the disclosing Party's reasonable diligence, an inadvertent disclosure of privileged or attorney work product documents or information ("privileged information") may occur. The Parties therefore agree that if an inadvertent disclosure of privileged information occurs, the producing Party must amend its response after learning of the inadvertent disclosure, identifying the material or information produced and stating the privilege asserted. If the producing Party thus amends the response to assert a privilege, the receiving Party must promptly return the specified material or information and any copies pending any ruling by the

Court denying the privilege. If the producing Party fails to so amend its response within fourteen days of learning of the disclosure, any privilege as to the documents is waived.

9. Inadvertent Disclosure of Confidential Information

In the event of an inadvertent disclosure by a receiving Party of another Party's documents, things or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the Party making the inadvertent disclosure shall:

(a) notify the person to whom the disclosure was made that it contains confidential information subject to this Protective Order;

(b) make all reasonable efforts to prevent dissemination or use of the document, thing or information by the person to whom disclosure was inadvertently made; and

(c) notify the disclosing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

10. Limitation

This Protective Order shall not prejudice any Party's right to assert that a document, thing or information is inadmissible or exempt from discovery.

11. Conclusion of Litigation

(a) Except as provided herein, at the conclusion of this litigation each Party or other person subject to the terms hereof shall be under an obligation to return to the disclosing Party, or to destroy and verify in writing such destruction of, all materials and documents containing information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. Such return or

destruction shall not relieve the Parties or other persons subject to this Protective Order from any of the continuing obligations imposed upon them by this Protective Order.

    (b)  After this litigation is concluded, counsel for each Party may retain an archival copy of the following documents and things, even though they contain information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by another Party: correspondence; pleadings; motions; briefs; memoranda; appendices to pleadings, motions, briefs and memoranda; affidavits; deposition transcripts; trial exhibits and demonstrative materials; hearing and trial transcripts; and all work product incorporating such information, and one archival set of documents and things produced in discovery during this litigation, in addition to any electronic database created as a back-up for produced documents.

  12.  Production by Non-Parties Pursuant to Subpoena

Any non-party producing documents or things or giving testimony in this litigation pursuant to a subpoena, notice, or discovery request may designate said documents, things, or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The Parties agree that this Protective Order will govern the handling and use of documents, things and information, produced by non-parties, that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

  13.  Compulsory Disclosure to Non-Parties

If any receiving Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks documents, things or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a disclosing Party pursuant to the Protective Order, the receiving Party shall give written notice to counsel of record for the disclosing Party prior to production of such documents, things or information and, to the extent possible, no

less than two weeks prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to non-parties of material exchanged under this Protective Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction. The receiving Party shall exercise good faith in promptly notifying the disclosing Party of the subpoena or other demand by the third Party, and shall not disclose the documents, things or information while any intervention by the disclosing Party in opposition to the subpoena or other demand is pending unless under a legal obligation to do so.

    14.    Other Proceedings

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another Court from requiring the disclosure of documents, things or information in another case or proceeding. Any Party or other person subject to this Protective Order that is required to disclose information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Protective Order shall promptly notify the disclosing Party so that the disclosing Party may have an opportunity to appear and be heard on whether that information should be disclosed, and shall notify the requesting Party that such information is subject to this Protective Order.

    15.    After the termination of this action, the Court will continue to have jurisdiction to enforce this Protective Order and to impose sanctions for violations of the Protective Order.

    16.    This Protective Order is without prejudice to the right of any person or entity to seek a modification of this Protective Order at any time.

**[EXHIBIT A]**

**DISCLOSURE AGREEMENT**

   I, _____, having been duly sworn on oath, state that information and/or documents which are to be disclosed to me by counsel of record for _____ (name of Party), are CONFIDENTIAL or ATTORNEYS' EYES ONLY and to be used by me solely to assist in the matter of *Lowe's Companies, Inc. and Lowe's Home Centers, Inc. v. Chevro International, Inc., Murray Feiss Import Corp., and Royce Lighting*, Civil Action No. 5:04-CV-74, pending in the United States District Court for the Western District of North Carolina. I further state that the Protective Order entered by the Court in the United States District Court for the Western District of North Carolina, Civil Action No. 5:04-CV-74, a copy of which has been given to me and which I have read, prohibits me from either using such information or documents for any purpose not appropriate or necessary to my participation in this case or disclosing such documents and information to any person not entitled to receive them under the terms of the Protective Order entered in the United States District Court for the Western District of North Carolina, Civil Action No. 5:04-CV-74. To the extent I have been given access to information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order entered in the United States District Court for the Western District of North Carolina, Civil Action No. 5:04-CV-74 to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, copies thereof and notes that I have prepared relating thereto, to counsel for the Party with whom I am associated. I agree to be bound by the Protective Order in every respect and to be subject to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of its enforcement and the enforcement of my obligations under this Agreement.

              AGREED:

              _____
              Signature

              _____
              Printed Name

              Date _____

Sworn to before me
this _____ day of _____, 200___.

_____
Notary Public

SO ORDERED,

**Signed: May 12, 2005**

Dennis L. Howell
United States Magistrate Judge